IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| JULIAN PEACOCK<br>210 Clogg Drive<br>Dagsboro, Delaware 19939 | * |
| and | * |
| DENISE PEACOCK<br>210 Clogg Drive<br>Dagsboro, Delaware 19939 | * |
| Plaintiffs, | * |
| v. | *   Case No.: _____ |
| PENINSULA REGIONAL MEDICAL CENTER<br>100 East Carroll Street<br>Salisbury, Maryland 21801 | * |
| SERVE ON:<br>Daniel J. Mulvanny, Resident Agent<br>100 East Carroll Street<br>Salisbury, Maryland 21801 | * |
| and | * |
| PENINSULA REGIONAL HEALTH SYSTEM, INC.<br>100 East Carroll Street<br>Salisbury, Maryland 21801 | * |
| SERVE ON:<br>Daniel J. Mulvanny, Resident Agent<br>100 East Carroll Street<br>Salisbury, Maryland 21801 | * |

| | |
|---|---|
| and | * |
| JOHN R. MCLEAN, M.D.<br>FCI Cumberland<br>Federal Correctional Institution<br>14601 Burbridge Road, SE<br>Cumberland, Maryland 21502 | *<br><br>*<br><br>* |
| and | * |
| JOHN R. MCCLEAN, M.D. & ASSOCIATES<br>No current business address | *<br>* |
|     SERVE ON:<br>    John R. McLean, M.D.<br>    FCI Cumberland<br>    Federal Correctional Institution<br>    14601 Burbridge Road, SE<br>    Cumberland, Maryland 21502 | *<br>*<br><br>*<br><br>* |
|     Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

Plaintiffs, Julian Peacock, Individually and Denise Peacock as Husband and Wife, by and through their attorneys William H. Murphy, Jr., Richard V. Falcon, Mary Koch, Pamela J. Diedrich, and Murphy, Falcon, & Murphy, P.A. hereby sue and bring the following medical negligence and fraud claims against Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc. (collectively referred to as "PRMC"), John R. McLean, M.D., and John R. McLean, M.D. & Associates (collectively referred to Dr. McLean), and in support thereof state as follows:

## CONDITION PRECEDENT

1.  Plaintiffs have fully complied with the requirements of the Health Care Malpractice Claims Act, Cts. & Jud. Proc. Code Ann. § 3-2A-01 *et seq.* (1976, 2006 Repl. Vol.) prior to the filing of this suit. [See Exhibit A.]

## PARTIES, VENUE AND JURISDICTION

2.  At all times relevant hereto, the Plaintiffs, Julian and Denise Peacock, have been residents and citizens of the State of Delaware residing at 210 Clogg Drive, Dagsboro, Delaware 19939. They reside as husband and wife.

3.  At all times relevant hereto, the Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. (collectively referred to as "PRMC") have been corporations organized in the State of Maryland involved in the operation of a hospital holding themselves out to the public as offering quality health care delivered by competent and qualified health care professionals.

4.  At all times relevant hereto, Defendant PRMC operated a specialized Cardiac Catheterization Lab which was held open to the general public. The Defendants afforded usage time and staffing support by and through its actual and/or apparent agents, representatives or employees, to Dr. John McLean and other interventional cardiologists who held staff privileges.

5.  At all times relevant hereto, the Defendant PRMC was acting individually and/or by and through its actual and/or apparent agents, representatives or employees, including but not limited to John R. McLean, M.D. and John R. McLean & Associates. As such, Defendant PRMC is vicariously liable

for the actions of its actual and/or apparent agents, representatives and/or employees, including but not limited to John R. McLean, M.D. and John R. McLean, M.D. & Associates.

6. At all times relevant hereto, Defendant John R. McLean, M.D. was a resident and citizen of the State of Maryland and regularly conducted his practice in Wicomico County, Maryland. As part of his medical practice the Defendant held himself out to the Plaintiff and the general public as being experienced and able in the area of interventional cardiology and possessing the degree of skill and knowledge ordinarily possessed by those who devote their practice to interventional cardiology. As such, Dr. McLean owed a duty to the Plaintiffs to render that degree of care and treatment ordinarily rendered by a physician specializing in interventional cardiology.

7. At all times relevant hereto Defendant John R. McLean, M.D. & Associates was a professional association organized and operating under the laws of the State of Maryland with its principal place of business in Maryland. As part of its business, the Defendant held itself out as a professional association offering cardiology and related medical services and, in such capacity, held its actual and/or apparent agents, representatives or employees as being competent and qualified to render the care, treatment and other services within the ordinary standard of care for the respective services which they provide. As such, Defendant John R. McLean, M.D. & Associates is vicariously liable for the actions of its actual and/or apparent agents, representatives and/or employees, including but not limited to John R. McLean, M.D.

8. At all times relevant hereto the actual and/or apparent agents, representatives and/or employees of Defendant PRMC, including but not limited to nurses, cardiac catheterization technicians, respiratory therapists and radiology technicians, were present during each of the cardiac catheterizations

and other cardiac procedures performed by Dr. McLean in the Cardiac Catheterization Lab; had access and the ability to review the medical records of the patients undergoing cardiac catheterization by Dr. McLean; conducted pre-procedure assessments and interviews of the patients undergoing cardiac catheterization by Dr. McLean; assisted Dr. McLean in the performance of cardiac catheterizations and other cardiac procedures; viewed and monitored the images of the heart and vascular system of each patient who underwent cardiac catheterization and other procedures performed by Dr. McLean in the Cardiac Catheterization Lab; and provided post-procedure care and treatment to patients who underwent cardiac procedures by Dr. McLean in the Cardiac Catheterization Lab.

9. This medical negligence claim is instituted pursuant to Maryland Courts and Judicial Proceedings Article § 3-2A-01 through § 3-2A10.

10. Jurisdiction of this Court is founded upon 28 U.S.C. § 1332.

11. The amount in controversy exceeds the jurisdictional minimum requirement of $75,000.

12. Venue in this action lies in Maryland-Northern Division pursuant to 28 U.S.C. § 100(1) and § 1391.

## STATEMENT OF FACTS

13. On or about July 23, 2004, Mr. Peacock presented to the Emergency Department at BeeBe Medical Center complaining of chest pain, nausea and vomiting. Blood work done at that time showed that Mr. Peacock had suffered a myocardial infarction ("MI"). After being given maximal

treatment to relieve the pain, the pain failed to subside. For that reason Mr. Peacock was transferred to Peninsula Regional Medical Center in order to undergo a cardiac catheterization.

14. On or about July 23, 2004, upon arrival at PRMC, Mr. Peacock was taken directly to the cardiac catheterization lab where he was seen by Dr. McLean. A cardiac catheterization[1] was immediately performed. Dr. McLean recorded that Mr. Peacock had an eighty percent (80%) blockage in the ramus intermedius coronary artery, with ninety percent (90%) diffuse disease in in the branch of the ramus. At that time Dr. McLean placed one stent[2] to open the blockage in the ramus. Following the stenting procedure Mr. Peacock remained in the hospital until July 26, 2004, when he was discharged home.

15. Approximately two months later, on or about September 19, 2004, Mr. Peacock presented to the Emergency Department at PRMC complaining of chest pain. Mr. Peacock was admitted to the hospital to be monitored.

16. Serial lab work and electrocardiograms evidenced that Mr. Peacock did not suffer a MI however on September 20, 2004, Dr. McLean once again performed a cardiac catheterization on Mr.

---

[1] Cardiac Catheterization - an invasive imaging procedure that involves inserting a catheter into a blood vessel in the arm or leg, and guiding it to your heart with the aid of a special x-ray machine. Contrast dye is injected through the catheter so that x-ray movies of your valves, coronary arteries and heart chambers are taken.

[2] Stent - a small stainless steel mesh tube that acts as a scaffold to provide support inside your coronary artery. A balloon catheter, placed over a guide wire, is used to insert the stent into the narrowed coronary artery. Once in place, the balloon tip is inflated, and the stent expands to the size of the artery and holds it open. The balloon is deflated and removed, and the stent stays in place permanently. Over a several-week period, your artery heals around the stent.

Peacock noting that his left anterior descending artery was ninety-five percent (95%) blocked. At that time Dr. McLean placed three stents in Mr. Peacock's heart.

17. On or about September 22, 2004, Mr. Peacock was discharged home with instructions to return on October 1, 2004, for another cardiac catheterization and possible re-dilatation of Mr. Peacock's left anterior descending artery.

18. On or about October 1, 2004, Mr. Peacock returned to PRMC for a cardiac catheterization. During the procedure, a percutaneous transluminal coronary angioplasty ("PTCA")[3] was performed; no stent was placed.

19. On or about July 18, 2006, Mr. Peacock was again admitted to PRMC for a cardiac catheterization following a Cardiolote™ scan[4] that was reported to be abnormal. At that time Dr. McLean once again reported that Mr. Peacock had heart disease requiring stenting of the left anterior descending artery, diagonal branch. Angioplasty was performed and a stent was placed.

20. In the Spring of 2007 (believed to be in March), Mr. Peacock began to hear accounts and read articles regarding the fraud committed by Dr. McLean relating to unnecessary cardiac testing and stenting that he had performed. When researching the matter he came across an article giving the number of a call center at PRMC where patients could call for information. Concerned that he may have

---

[3] PCTA - Angioplasty - a specially designed balloon catheter with a small balloon tip is guided to the point of narrowing in the artery. Once in place, the balloon is inflated to compress the fatty matter into the artery wall and stretch the artery open to increase blood flow to the heart.

[4] A Cardiolite™ scan is a medical imaging study of the heart conducted to look for signs of ischemia, where blood flow is not reaching the heart muscle. In a Cardiolite™ scan, a radioactive tracer substance is injected and followed as it is absorbed by the heart.

had unnecessary cardiac testing and stenting, Mr. Peacock telephoned the call center to specifically ask if the cardiac procedures and stents performed on him were necessary. After explaining his concerns to the female who was the employee, actual or apparent agent, or representative of PRMC, who answered the phone, Mr. Peacock was told that the matter would be investigated and that he could expect a return call. The following day a female PRMC employee, actual or apparent agent, or representative called Mr. Peacock to inform him that the stenting procedures performed by Dr. McLean were indeed necessary. Relying on the information given to him Mr. Peacock dismissed the matter.

21.    On or about September 19, 2011, Mr. Peacock received a letter dated September 15, 2011, from the Department of Justice informing him that a review of his medical records indicated that cardiac stenting and certain other procedures performed on him at PRMC by Dr. McLean were unnecessary. [See Exhibit B.] The letter to Mr. Peacock from the Department of Justice ("DOJ") asked him to complete an Impact Statement. The letter stated that it would be helpful to the Court to know the impact that Dr. McLean's crime had on Mr. Peacock.

22.    The receipt of the letter from the DOJ was the first time that Mr. Peacock became aware that there was any problem with the care he received by Dr. McLean and PRMC. The information came as a shock to Mr. Peacock given the fact that he had inquired about his care in 2007 and was told by a PRMC employee, actual or apparent agent or representative that the procedures and cardiac procedures that had been performed were necessary.

## COUNT I
## Medical Negligence
## (Against All Defendants)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

23. Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates individually and through their actual and/or apparent agents, representatives and/or employees owed Mr. Peacock a duty to exercise that degree of care and skill that a reasonably competent hospital, health care system and cardiologist and/or similar Defendant would have exercised under the same or similar circumstances.

24. At all times relevant hereto John R. McLean, M.D. was acting as an actual or apparent agent of Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

25. The Defendants individually and through their actual and/or apparent agents, representatives and/or employees breached the above described duty of care, thereby deviating from the applicable standards of care and were otherwise negligent, careless, and reckless in that they performed multiple unnecessary, invasive and painful cardiac catheterizations, cardiac stenting and angioplasty procedures while failing to perform necessary cardiac intervention and treatment.

26. As a direct and proximate result of the Defendants above mentioned deviations from the applicable standards of care the Plaintiff, Julian Peacock, suffered unnecessary, significant, traumatic and painful medical procedures, treatment and care; suffered an extension of heart muscle damage; will likely be caused to undergo additional significant, traumatic and painful medical procedures, treatment and care in the future; was caused to endure physical and emotional injury, trauma, upset and other injuries in the future; suffered economic losses including but not limited to medical and other expenses,

lost wages and earnings and other economic losses; and will likely suffer future economic losses including but not limited to medical and other expenses, lost wages and earnings, and other economic losses in the future.

27. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates. The Plaintiff, in no way, contributed to the negligence, but however, relied upon the expertise of Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates for his care and treatment.

WHEREFORE, Plaintiff Julian Peacock brings this action against Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and/or severally, and seeks damages in excess of Thirty Thousand Dollars ($30,000.00) that will adequately and fairly compensate him, costs, and such other and further relief as may be deemed appropriate.

### COUNT II
### Lack of Informed Consent
### (Against All Defendants)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

28. Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates individually and through their actual

and/or apparent agents, representatives and/or employees provided Plaintiff Julian Peacock with reports that misstated and/or overstated the amount of coronary blockage.

29. Based on the misleading reports of coronary blockage Plaintiff Mr. Peacock allowed/ consented to coronary stenting and other cardiac procedures. Had Plaintiff been aware of the misstatements he would have declined the procedures.

30. As a direct and proximate result of the above mentioned acts committed by the Defendants, Plaintiff incurred medical expenses, including but not limited to: (a) cost of the medical/surgical procedures and tests incurred and paid for by Plaintiff; (b) co-pays and deductibles paid for by Plaintiff; (c) out-of-pocket costs for prescription and over-the-counter medications and durable medical supplies; (d) costs of future medical expenses.

31. As a direct and proximate result of the Defendants above mentioned deviations from the applicable standards of care the Plaintiff, Julian Peacock, endured unnecessary, significant, traumatic and painful medical procedures, treatment and care; suffered an extension of heart muscle damage; will likely be caused to undergo additional significant, traumatic and painful medical procedures, treatment and care in the future; suffered an extension of heart muscle damage; was caused to endure physical and emotional injury, trauma, upset and other injuries in the future; suffered economic losses including but not limited to medical and other expenses, lost wages and earnings and other economic losses; and will likely suffer future economic losses including but not limited to medical and other expenses, lost wages and earnings, and other economic losses in the future.

32. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. The Plaintiff, in no way, contributed to the negligence, but however, relied upon

the expertise of Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates for his care and treatment.

WHEREFORE, Plaintiff Julian Peacock brings this action against Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and/or severally, and seeks damages in excess of Thirty Thousand Dollars ($30,000.00) that will adequately and fairly compensate him, costs, and such other and further relief as may be deemed appropriate.

## COUNT III
### Administrative Negligence/Negligent Privileging
### (Against Peninsula Regional Medical Center
### and Peninsula Regional Health System, Inc.)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

33. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. through privileging, agreement or understanding with Dr. McLean provided him with the medical facility and the assistance needed to perform the unnecessary and non-indicated procedures on Mr. Peacock. Such privileging, agreement or understanding allowed the Defendants to benefit financially from the unnecessary and non-indicated procedures.

34. As a direct result of the privileging, agreement or understanding between the Defendants, Mr. Peacock was subjected to significant, unnecessary and non-indicated traumatic and painful medical procedures, treatment and care; will likely be caused to undergo additional significant, traumatic and painful medical procedures, treatment and care in the future; was caused to endure physical and emotional injury, trauma, upset and other injuries in the future; suffered economic losses including but

not limited to medical and other expenses, lost wages and earnings and other economic losses; and will likely suffer economic losses including but not limited to medical and other expenses, lost wages and earnings, and other economic losses in the future.

35. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of Defendants. The Plaintiff, in no way, contributed to the negligence, but however, relied upon the expertise of Defendants for his care and treatment.

WHEREFORE, Plaintiff Julian Peacock brings this action against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and/or severally, and seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00) that will adequately and fairly compensate him, costs, and such other and further relief as may be deemed appropriate.

## COUNT IV
### Fraud by Intentional Misrepresentation
### (Against Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

36. In the Spring of 2007, (believed to be on or about on or about March 7, 2007) when Mr. Peacock contacted Peninsula Regional Medical Center to inquire about the necessity of his cardiac procedures he was told that his cardiac testing was appropriately interpreted and performed, and that the medical testing and stenting procedures were necessary and performed within the standard of care.

37. At the time that Mr. Peacock placed the call to the PRMC call center and spoke with the PRMC employee, actual or apparent agent or representative, she knew of the investigation into the allegations that Dr. McLean was performing unnecessary cardiac testing and stenting procedures. When

a return call was made to Mr. Peacock by the PRMC employee, actual or apparent agent or representative, she made the false statements regarding Mr. Peacock's care and treatment at PRMC to intentionally conceal, and/or with reckless indifference to the truth, in order to mislead Plaintiff into believing there was no need to have an independent review of his medical condition and/or medical care.

38.	Mr. Peacock justifiably relied on what the PRMC employee, actual or apparent agent or representative told him. Mr. Peacock's justifiable reliance was based on the Hospital holding itself out to the community as a premier medical facility that provides superior clinical quality. As a result of his justifiable reliance Mr. Peacock did not seek advice and counsel of other Health Care Providers practicing in the field.

39.	Because Mr. Peacock justifiably relied on the fraudulent information given to him, he did not pursue further investigation either legal or medical into the cardiac care provided to him by Defendants.

40.	As a result of the fraudulent information given to Mr. Peacock by an actual/apparent agent, representative or employee of PRMC concerning the unwarranted and unnecessary cardiac testing and procedures Mr. Peacock was not, and could not be aware that the medical care that he received at the hands of the Defendants was unwarranted, unnecessary and negligent, therefore, Mr. Peacock was not aware that he was entitled to redress.

41.	The injuries and damages complained of were directly and proximately caused by the fraudulent misrepresentations of the Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. The Plaintiff in no way contributed to the fraud that was perpetrated upon him.

WHEREFORE, Plaintiff Julian Peacock brings this action against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and/or severally, and seeks compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00) that will adequately and fairly compensate him, punitive damages, costs, and such other and further relief as may be deemed appropriate.

### COUNT V
### Negligent Retention and Supervision
### (Against Peninsula Regional Medical Center
### and Peninsula Regional Health System, Inc.)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

42. Defendant PRMC has a duty to use reasonable care when granting privileges to those Defendants who will practice at their facility. PRMC owed such duty to Mr. Peacock and upon information and belief the duty was breached when it failed to ensure that Dr. McLean was competent to perform the duties for which he was privileged.

43. Had Defendant PRMC performed the required oversight it would have known that Dr. McLean was not fit to perform the duties for which he was privileged and was likely to perform negligent or fraudulent acts.

44. Defendant PRMC breached its duty to use reasonable care in conducting oversight reviews of Dr. McLean thus causing Mr. Peacock to suffer unwarranted and unnecessary cardiac testing and procedures insuring that he will likely be caused to undergo additional significant, traumatic and painful medical procedures, treatment and care in the future; was caused to endure physical and emotional injury, trauma, upset and other injuries in the future; suffered economic losses including but

not limited to medical and other expenses, lost wages and earnings and other economic losses; and will likely suffer economic losses including but not limited to medical and other expenses, lost wages and earnings, and other economic losses in the future.

45. The injuries and damages complained of were directly and proximately caused by the negligence and lack of care of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc. The Plaintiff, in no way, contributed to the negligence, but however, relied upon the expertise of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

WHEREFORE, Plaintiff Julian Peacock brings this action against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and/or severally, and seeks damages in excess of Seventy-Five Thousand Dollars ($75,000.00) that will adequately and fairly compensate him, costs, and such other and further relief as may be deemed appropriate.

### COUNT VI
### Loss of Consortium
### (Against All Defendants)

Plaintiff Julian Peacock, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

46. At all times relevant Plaintiffs have been husband and wife.

47. As a direct and proximate result of the injuries and damages caused to Plaintiff Julian Peacock by the negligence of Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. & Associates, the Plaintiffs

assert that their marriage and marital relationship was severely interrupted and significantly damaged, and continues to be interrupted and damaged.

48.     Plaintiffs Julian Peacock and Denise Peacock in no way contributed to the negligence.

WHEREFORE, Plaintiffs Julian Peacock and Denise Peacock bring this action against Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., John R. McLean, M.D. and John R. McLean, M.D. and Associates, jointly and/or severally, and seek damages in excess of Seventy-Five Thousand Dollars ($75,000.00) that will adequately and fairly compensate them, costs, and such other and further relief as may be deemed appropriate.

Respectfully Submitted,

_____
William H. Murphy, Jr. – Bar No. 07985
billy.murphy@mfmrk.com
Richard V. Falcon – Bar No. 01739
richard.falcon@mfmrk.com
Mary McNamara Koch – Bar No. 26591
mary.koch@mfmrk.com
Pamela J. Diedrich – Bar. No. 26555
pam.diedrich@mfmrk.com
Murphy, Falcon & Murphy
One South Street, 23rd Floor
Baltimore, Maryland 21202
Tel: 410-951-8744
Fax: 410-539-6599
*Attorneys for Plaintiffs*

## **DEMAND FOR JURY TRIAL**

The Plaintiffs hereby request that the above-captioned matter be tried before a jury.

_____
Pamela J. Diedrich